IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THADDEUS JOHNSON,

    Petitioner,

v.                                                                    No. 2:15-cv-02745-MSN-tmp

ACTING WARDEN JOHNNY FITZ,

    Respondent.

**ORDER DENYING REQUEST FOR RELIEF FROM JUDGMENT; TRANSFERRING MOTION TO THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION; DENYING A CERTIFICATE OF APPEALABILITY; AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Thaddeus Johnson, an inmate at the West Tennessee State Penitentiary in Henning Tennessee, has filed a *pro se* "Motion For Relief From Judgment [Pursuant To] Rule 60(b)(6) of the Federal Rules of Civil Procedure" (ECF No. 25 at PageID 1399–1412 ("Motion")), asking the Court to reconsider its March 2020 denial of Johnson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). As explained below, Johnson's request for relief from judgment is **DENIED** and the Motion (ECF No. 25) is **TRANSFERRED** to the Sixth Circuit as a second or successive habeas petition.

**I.    BACKGROUND**

On April 7, 2005, Johnson was convicted of first-degree premeditated murder and attempted first degree murder by a jury in Shelby County Criminal Court. *State v. Johnson*, No. W2005-01600-CCA-R3-CD, 2006 WL 1816392, at *1 (Tenn. Crim. Ct. App. June 30, 2006). On July 7, 2005, he received a sentence of life plus twenty-five years. *Id*. On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") on June 30, 2006 affirmed Johnson's conviction,

and the Supreme Court of Tennessee on November 20, 2006 denied review. *Id.* During post-conviction proceedings, the post-conviction trial court held an evidentiary hearing and denied relief on November 18, 2013. (ECF No. 19-15 at PageID 1072–79; ECF No. 19-17.) *See also Johnson v. Tennessee*, No. W2014-00053-CCA-R3-PC, 2014 WL 7401989, at *2–3 (Tenn. Crim. Ct. App. Dec. 29, 2014). On December 29, 2014, the TCCA affirmed denial of the denial of post-conviction relief. *Id.* at *10. On October 13, 2015, the United States Supreme Court denied Johnson's petition for writ of certiorari. *Johnson v. Tennessee*, 136 S.Ct. 324 (2015).

On November 17, 2015, Johnson filed his § 2254 Petition, asserting four grounds: (1) ineffective assistance of counsel ("IAC") by Johnson's trial attorney, Larry Fitzgerald, due to a conflict of interest (Ground 2, or "Trial IAC Claim") (ECF No. 1 at PageID 5–6); (2) IAC by appellate counsel for failure to argue that the trial court erred in refusing to grant trial counsel's motion to withdraw due to a conflict of interest (Ground 1, or "Appellate IAC Claim") (*id.* at PageID 4–5); (3) request for a remand to the state post-conviction court for a second evidentiary hearing (Ground 3, or "Remand Claim") (*id.* at PageID 6); and (4) a claim that *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014) should apply to Johnson's case, enabling him to claim IAC as it relates to post-conviction counsel and receive a second post-conviction evidentiary hearing (Ground 4, or "Second Hearing Claim") (ECF No. 1 at PageID 7; ECF No. 1-2 at PageID 14). Johnson also made an unenumerated claim that he is actually innocent (Ground 5, or "Actual Innocence Claim") (ECF No. 1-2 at PageID 20 & 24).

On March 3, 2020, this Court denied the § 2254 Petition (ECF No. 23 ("Order Denying Petition")), explaining that:

> (1) As to the Trial IAC Claim, the TCCA did not incorrectly apply clearly established Supreme Court precedent nor unreasonably determine the facts from the record before it (*id.* at PageID 1381–89);

2

    (2) As to the Appellate IAC Claim, the TCCA's decision was based on a reasonable determination of facts in light of the evidence presented (*id*. at PageID 1389–93);

    (3) The Remand Claim and the Second Hearing Claim failed on the merits because: (a) this federal habeas tribunal has no authority to remand to state court for a second evidentiary hearing and (b) Johnson's claims did not contend that he is in custody in violation of the Constitution or federal law (*id*. at PageID 1393–96); and

    (4) The Actual Innocence Claim did not warrant habeas relief because Johnson offered no new evidence whatsoever, much less evidence that met the constitutional standard for an actual innocence claim. (*Id*. at PageID 1396–97.)

On March 5, 2020, this Court entered judgment. (ECF No. 24 ("Judgment").) More than five years and two months after the Judgment was entered, Johnson filed the Motion. (ECF No. 25.)

## II.    ANALYSIS

Seeking relief from the Judgment, Johnson argues in the instant Motion that the Trial IAC Claim "deserves reconsideration under the standard of Rule 60(b)(6) […] [because] the Court failed to acknowledge the obvious: That it was defense counsel *himself* who filed the motion to withdraw from representing Petitioner, acknowledging the subject threats exchanged [between Johnson and Fitzgerald] fundamentally diminished counsel's ability to represent Petitioner effectively at trial." (ECF No. 25 at PageID 1401, 1404 (emphasis in original).) Johnson contends that "the basis for this claim is *not* that Petitioner initiated the trial-day request [for counsel] to withdraw, but that it was counsel himself who initiated the request to withdraw, fundamental[ly] casting doubt on any subsequent representation." (*Id*. at PageID 1404 (emphasis in original).)

As an initial matter, Johnson's argument misconstrues the Order Denying Petition. He disregards this Court's express acknowledgment in the Order Denying Petition that trial counsel Fitzgerald -- not Johnson -- filed the motion for counsel to withdraw at the start of trial:

> Johnson contends [in the Trial IAC Claim] that the purported conflict of interest, which adversely affected Fitzgerald's representation, arose from […] the trial court's denial of *Fitzgerald's* motion to withdraw as counsel, which was premised on the Supposed Altercations [between Johnson and Fitzgerald] […]

3

> The record shows that *Fitzgerald* made a February 14, 2005 motion to withdraw as counsel on the morning of the first day of trial […] *Fitzgerald's* exclusive grounds for the motion were that Petitioner had cursed at and threatened counsel […] The trial judge denied the motion, stating to Fitzgerald that "it's nothing new that defendants get upset with lawyers and say things to them." The court instructed Petitioner to cooperate with his counsel, telling Johnson that he is not a lawyer and does not know what motions need or need not be filed.

(ECF No. 23 at PageID 1381–82 (emphasis added).) In the Order Denying Petition, this Court noted that Johnson had testified at the post-conviction evidentiary hearing that "when [Johnson] confronted [Fitzgerald] on the morning of trial […] about […] not fil[ing] a motion to dismiss for lack of prosecution, despite [Johnson's] request to do so, they got into an argument and [*Fitzgerald*] moved for withdrawal. [Johnson] admitted that he had refused to work with [Fitzgerald] and asked [Fitzgerald] to withdraw because counsel indicated that [Johnson] would likely be found guilty in any event." (*Id*. at PageID 1383–84 (emphasis added).)

Having reviewed the state court record, this Court concluded in the Order Denying Petition that the TCCA's conclusion about the Trial IAC Claim did not involve an unreasonable application of clearly established federal law and was not based on an unreasonable determination of facts in light of the evidence presented. (*Id*. at PageID 1385–86.)

In short, the premise of Johnson's Motion is flawed. That is, contrary to Johnson's contention in the Motion, this Court's analysis of the Trial IAC Claim did expressly "acknowledge [t]hat it was defense counsel himself who filed the motion to withdraw." (*See* ECF No. 25 at PageID 1404; *cf*. ECF No. 23 at PageID 1381–82.)

What is more, Johnson's reliance on Rule 60(b)(6) in support of the Motion is misplaced.

Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] Rule 59(b);

4

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

Rule 60(b)(6) -- the catchall provision governing relief from a final judgment for "any other reason that justifies relief" -- applies only in "exceptional or extraordinary circumstances where principles of equity mandate relief." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citations and internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015). "In addition to exceptional circumstances, 'principles of equity [must] *mandate* relief' for subsection (b)(6) to apply. Accordingly, the movant must show: (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. and Sur. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 690 (6th Cir. 2012) (citation omitted). Because public policy favors the finality of judgments, relief under Rule 60(b)(3) or Rule 60(b)(6) requires clear and convincing evidence. *See id*.

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez*, 545 U.S. at 531–32). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241, *et seq*., limits the

circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application.  28 U.S.C. § 2244(b)(3)(A).  Under the AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).  "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014).  That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'"  *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532).

The instant Motion does not assert any ground for relief that could be characterized as new.  Instead, the Motion attacks this Court's previous resolution of the Trial IAC Claim.  Johnson attempts to frame his attack on the Court's prior, merits-based resolution of the Trial IAC Claim as one based on an error that compromised the integrity of the habeas proceeding.  (ECF No. 25 at PageID 1404 (alleging "the Court failed to acknowledge the obvious" in the Order Denying Petition) & PageID 1411 (contending "[t]his [M]otion specifically invokes the basis of 'the risk of injustice to the parties' as well as 'the risk of the public's confidence in the judicial process'").)  Johnson's effort falls flat though.  His contentions are not a new habeas claim but rather Johnson's expression of dissatisfaction with the outcome in the Order Denying Petition.  Johnson offers no new facts and no new arguments about the TCCA's decision affirming denial of post-conviction relief on the grounds that (1) Johnson had not carried his burden of proving that an actual conflict of interest existed during Fitzgerald's representation at trial and (2) nothing in the post-conviction

6

record indicated that Fitzgerald failed to provide effective representation. (*See id*. at PageID 1384.) The factual allegations that Johnson offers in support of his Rule 60(b)(6) Motion relief conspicuously have nothing to do with Fitzgerald's representation of Johnson at trial. (*Id*. at PageID 1409 ("[T]he Public Disciplinary Record of Attorney Fitzgerald [shows] Mr. Fitzgerald is not an icon of professional conduct. In *February of 1995*, counsel was publicly censured […] In *October of 2003* Attorney Fitzgerald was publicly censured […] In *June of 2011* Attorney Fitzgerald was suspended from the practice of law […] In *August of 2024*, Fitzgerald was suspended from practice again on the basis of 12 separate complaints") (emphasis added).) Further, Johnson does not allege facts or offer arguments demonstrating by clear and convincing evidence: (1) lack of prejudice to the Respondent from the purported relief Johnson seeks in the motion; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment. *See Travelers*, 479 F. App'x at 690.

Extraordinary circumstances within the meaning of Fed. R. Civ. P. 60(b)(6) do not exist in this case. The instant Motion merely asserts that this Court erred in concluding Johnson did not meet his burden for the Trial IAC Claim to merit habeas relief under clearly established Supreme Court precedent. Petitioner first made that claim during post-conviction proceedings, and he exhausted it on appeal. (ECF No. 19-15 at PageID 982–1006, 1073, & 1075–76.) The post-conviction trial court denied it because Johnson failed to meet his burden for an IAC claim under *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 19-15 at PageID 1075–76.) Affirming the post-conviction trial court's decision, the TCCA agreed that Johnson had not carried his burden of proving that an actual conflict of interest existed. Moreover, "nothing in the [PCR Hearing] record indicated that [Fitzgerald] failed to provide effective representation." *Johnson v. Tennessee*, No. W2014-00053-CCA-R3-PC, 2014 WL 7401989, at *6 (Tenn. Crim. Ct. App. Dec. 29, 2014) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). Johnson's allegation of error by

7

this Court in the Order Denying Petition about the Trial IAC Claim does not amount to an extraordinary circumstance permitting relief from judgment under Rule 60(b)(6). Rather, Johnson's contentions in the Motion must be construed as a habeas claim, "since alleging that the [C]ourt erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *See Gonzalez*, 545 U.S. at 532.

In sum, though nominally filed under Rule 60(b)(6) based on purported "fail[ure] to acknowledge the obvious" (ECF No. 25 at PageID 1404), Petitioner's Motion "is in substance a successive habeas petition" reasserting his previously rejected Trial IAC Claim, "and should be treated accordingly." *See Gonzalez*, 545 U.S. at 531.

Alternatively, even assuming for the sake of argument that the Motion could properly be considered under Rule 60(b), Johnson would not be entitled to relief in this Court. A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, ... and a moving party must articulate a reasonable basis for delay...." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted). Given the circumstances of this case, where over five years have elapsed between entry of the Judgment on March 5, 2020 (ECF No. 24) and Johnson's filing of the Motion on May 27, 2025 (ECF No. 25) -- without any additional activity in between -- it is clear that the Motion was not filed within a reasonable time. *See*, *e.g.*, *Pastor v. P'ship for Children's Rights*, 856 F. App'x 343, 345 (2d Cir. 2021) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long") (citation omitted); *United States v. Harrison*, 809 F. App'x 635, 637 (11th Cir. 2020) (concluding that reasonable jurists would not debate that the district court did not abuse

8

its discretion in finding petitioner's Rule 60(b)(6) motion, filed over four years after the district court denied the § 2255 motion, untimely); *Pruett v. Stephens*, 608 F. App'x 182, 187 (5th Cir. 2015) (holding that district court did not abuse its discretion in concluding that the Rule 60(b)(6) motion, filed more than four years after the entry of judgment, was not filed within a reasonable time); *Stevens v. Jones*, No. 16-8694, 2024 WL 4712482, at *1 (D.N.J. Nov. 7, 2024) (finding that plaintiff's Rule 60(b)(6) motion, filed more than four years after the dismissal of the case, was not filed within a reasonable time); *Brown v. United States*, No. 5:00CV1650, 2008 WL 5055656, at *5 (N.D. Ohio Nov. 20, 2008) (finding untimely a motion for post-judgment relief filed "a full four years subsequent to the completion of [most recent] appellate process"). Johnson's request for relied from judgment was not filed within a reasonable time.

## III. CONCLUSION

Johnson's attack on this Court's ruling on the merits of his Trial IAC Claim is not properly presented as a Rule 60(b) motion but is a successive habeas claim requiring Sixth Circuit authorization to pursue. 28 U.S.C. § 2244(b)(3)(A). Johnson has not obtained authorization from the Sixth Circuit to pursue his contentions in the Motion. Accordingly, the Motion (ECF No. 25) will be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that district courts should transfer to the appellate court, pursuant to 28 U.S.C. § 1631, second or successive petitions filed without authorization from the Sixth Circuit). Johnson's request for relief from the Judgment is **DENIED**.

## IV. APPELLATE ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the petitioner

9

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484). In this case, reasonable jurists would not debate the correctness of the Court's decision to deny Johnson's request for relief from judgment. Because any appeal by Johnson does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED.**

**IT IS SO ORDERED**, this 10th day of June, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE